```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Glenn Beane, as assignee
of Terry R. Nason

    v.                                         Civil No. 10-cv-307-JL

Mii Technologies, LLC, *et al*.


**PROCEDURAL ORDER**

This is an action on a judgment obtained in the United States District Court for the District of Maine against defunct New Hampshire companies, Mii Technologies, LLC, and Materials Innovation, Inc., and one of their owners, Alan Beane, by a former employee, Terry Nason. Nason v. Mii Techs., LLC, No. 04-77 (D. Me. Sept. 21, 2005). The judgment awarded Nason more than $16,000 against Mii and Materials and $2,700 (plus interest and costs) against Alan. In April 2009, Nason assigned the judgment to Glenn Beane, Alan's brother and a former Mii member who, as this court has ruled in another action, withdrew from the limited liability company as of February 2004. See Beane v. Beane, No. 08-236 (Mar. 22, 2010). These two actions are among several, in this court and elsewhere, pitting Glenn against Alan or Mii.

After Nason had registered the Maine judgment in this court, see 28 U.S.C. § 1963, Glenn appeared through counsel and requested a writ of execution against Mii, claiming that its

property included funds held by a New Hampshire law firm, Lawson & Persson, PC, "as trustee for Mii" in an account at Meredith Village Savings Bank, also in New Hampshire. While the Clerk of Court issued the writ, in the amount of more than $18,000, he noted that he "took no position on whether the assigned judgment creditor," i.e., Glenn, "may levy against a client trust fund held by Meredith Village Savings Bank." Order of June 21, 2010.

Glenn then filed a "petition to attach with notice and request for trustee process," seeking to attach, as Mii's property, "proceeds of a promissory note . . . which are currently in a segregated IOLTA trust account of trustee defendant Lawson & Persson, PC, . . . at trustee defendant Meredith Village Savings Bank, to the amount of the unsatisfied judgment." The petition recites that, "in accordance with" N.H. Rev. Stat. Ann. § 512, it "is being served on" both Mii "and the two named trustee defendants." But its certificate of service attests to such upon Mii only, with "additional courtesy service . . . by first class mail" to Mii's "sole member," identified as Alan, and "counsel," identified as Edward E. Lawson (of Lawson & Persson) and William S. Gannon. Gannon later filed an appearance, followed by an objection to the "petition to attach," on behalf of Mii, Materials, and Alan, but neither of the trustee

defendants.  Indeed, neither Lawson & Persson nor Meredith Village Savings Bank has appeared in this action yet.

Under New Hampshire law,[1] "[t]rustee process is a statutory procedure by which a judgment creditor, in order to satisfy a debt owed him by a debtor, may attach either property owned by the debtor that is presently held by a third party, or the debtor's right to receive property from a third party."  DeLellis v. Burke, 134 N.H. 607, 610-11 (1991) (citing N.H. Rev. Stat. Ann. § 512).  That is the relief Glenn purportedly seeks:  to attach property allegedly owned by Mii, one of the debtors to the Maine judgment, and held by third parties, namely, Lawson & Persson and Meredith Village Savings Bank.[2]  But "to invoke this statutory procedure, a party must comply with the threshold requirement that a trustee writ be filed" in accordance with N.H. Rev. Stat. Ann. § 512:3.  Id.  That provision requires that "[t]he trustee writ shall be a writ of summons, and shall be served upon the defendant and trustee like a writ of summons" (emphasis added).

---

[1] "The procedure on execution--and in proceedings supplementary to and in aid of execution--must accord with the procedure of the state where the state is located."  Fed. R. Civ. P. 69(a)(1).

[2] The court assumes, without deciding, that a "petition to attach with notice" is the appropriate procedural vehicle for this relief.

Here, as just discussed, there is no indication that Glenn's petition was ever served upon either of the trustee defendants in any manner, let alone "like a writ of summons." Unless and until that occurs (and, again, assuming that a trustee process attachment is otherwise appropriate), Glenn cannot avail himself of trustee process to attach funds held by either of those parties. See DeLellis, 134 N.H. at 611. His petition[3] is therefore DENIED. Within 60 days, Glenn shall file proof of proper service upon Lawson & Persson and Meredith Village Savings Bank pursuant to N.H. Rev. Stat. Ann. § 512, or this action shall be administratively closed, since writs of execution have already issued against all defendants named in the judgment.

Finally, Glenn's motion for leave to file a reply supporting the petition[4] is GRANTED; the court considered the reply in ruling on the petition.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 14, 2011

---

[3] Document no. 7.

[4] Document no. 10.

```
cc:   Terry Nason, pro se
      William S. Gannon, Esq.
      W.E. Whittington, Esq.
```